IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA LEE, TANEKAH SCALES, and KEIYAUNA KYLES,<br><br>Plaintiffs,<br>VS.<br><br>GUYOUNGTECH USA, INC., and JARVIS TAITE, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND JURY DEMAND

I. <u>JURISDICTION</u>

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, 1343(3), 1343(4), 2201 and 2202.  This is a suit pursuant to federal statute and the tort laws of the State of Alabama.  It is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>., as amended by the Civil Rights Act of 1991, and pursuant to the laws of the State of Alabama. The jurisdiction of this Court is invoked to secure protection for and redress deprivation of right secured by Title VII, providing for equitable and legal relief against sexual harassment and sex discrimination.  Through the doctrine of supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, this Court's

jurisdiction extends over the related state law claims for invasion of privacy, assault and battery, negligent supervision and/or retention, and outrage because the claims arise from a common nucleus of operative facts.

2. The plaintiffs filed there charges with the EEOC, and have received their right to sue and have filed this complaint within 90 days of receipt thereof.

II. PARTIES

3. The plaintiffs, Tonya Lee, Keiyauna Kyles, and Tanekah Scales are all female citizens of the United States and residents of the State of Alabama. The plaintiffs were all employed by the defendant, Guyoungtech USA, Inc. in Castleberry, Alabama.

4. The defendant, Guyoungtech USA, Inc. is an employer as defined by Title VII at all times relevant hereto. It employed at least fifteen persons and did business in this judicial district and division at all times during the alleged events in this complaint. This defendant did business in Alabama and is thus subject to jurisdiction for all state law claims.

5. The defendant, Jarvis Taite, is a citizen of the United States and a resident of the State of Alabama. At all times relevant hereto, he was the supervisor of the plaintiffs for the defendant at its Castleberry, Alabama location. He is a named defendant only as to the plaintiffs' state law tort claims.

III. ALLEGATIONS OF FACT

6. The plaintiffs re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail here-in-below.

7. The plaintiff, Tonya Lee was hired in January, 2014 to work at the Castleberry, Alabama location of the defendant. Her supervisor was Jarvis Taite. Mr. Taite began sexually harassing the plaintiff after she was hired. This harassment took the form of inappropriate sexual comments, inappropriate and sexual touching, and inappropriate and sexual gestures. Specifically, he constantly talked about her body parts and what he would like to do to them. He asked personal questions about her sex life and what her man did to her and what he could do to her. He brushed up against her behind with his erect penis. He told her he knew where she lived and he could come to her house to have sex with her. This conduct was continuous and constant and interfered with her ability to perform her job, although she was able to perform her job. Ms. Lee constantly told Mr. Taite to stop this conduct but he continued it. This conduct was known by management because Mr. Taite's sexual conduct had been reported to management by employees prior to Ms. Lee's employment and was reported by Ms. Lee after she was employed. It was also witnessed by management. The conduct and inaction by the defendants created a hostile work environment for the plaintiffs and other

females. Eventually Ms. Lee was subjected to retaliation and quid pro quo harassment because she refused Mr. Taite's advances. After being falsely accused of company violations and ordered to go to Mr. Taite's office with him, rather than being subjected to any more harassment she left the defendant's premises. After reporting why she left she was not allowed to return to work. In order to get re-employed she had to go through Ambassador Personnel, Inc. who found her a job that was not comparable to the job she had been doing. After learning that Ms. Lee was back at work she was not allowed to continue working at the Castleberry site.

8. Plaintiff, Tanekah Scales was hired on March 8, 2014 to work at the Castleberry, Alabama location of the defendant. Her supervisor was Jarvis Taite. Mr. Taite began sexually harassing the plaintiff after she was hired. This harassment took the form of inappropriate sexual comments, inappropriate and sexual touching, and inappropriate and sexual gestures. Specifically, he constantly asked her for sex, talked about her body parts, and touched her private parts. Ms. Scales continuously told him to stop but he did not. This conduct was continuous and constant and interfered with her ability to perform her job, although she was able to perform her job. This conduct was known by management because Mr. Taite's sexual conduct had been reported to management by employees, including Tonya Lee prior to Ms.

Scales employment and was reported by Ms. Scales after she was employed. It was also witnessed by management. The conduct and inaction by the defendants created a hostile work environment for the plaintiffs and other females. Eventually Ms. Scales was subjected to retaliation and quid pro quo harassment because she refused Mr. Taite's advances. She was falsely accused of violating company policies and was terminated by Mr. Taite.

9. The plaintiff, Keiyauna Kyles was hired on April 11, 2014 to work at the Castleberry, Alabama location of the defendant. Her supervisor was Jarvis Taite. Mr. Taite began sexually harassing the plaintiff after she was hired. This harassment took the form of inappropriate sexual comments, inappropriate and sexual touching, and inappropriate and sexual gestures. Specifically, he would constantly ask her to have sex with him. He would constantly talk about her body parts and touch her body parts. Ms. Kyles constantly told him to stop but he would not. This conduct was continuous and constant and interfered with her ability to perform her job, although she was able to perform her job. This conduct was known by management because Mr. Taite's sexual conduct had been reported to management by employees, including Tonya Lee prior to Ms. Kyles employment and was reported by Ms. Kyles after she was employed. It was also witnessed by management. The conduct and inaction by the defendants created a hostile

work environment for the plaintiffs and other females.  Eventually Ms. Kyles was subjected to retaliation and quid pro quo harassment because she refused Mr. Taite's advances.  She was falsely accused of violating company policies and was terminated by Mr. Taite.  The termination occurred on June 31st and was reportedly for having too many absences which was false.  Ms. Kyles went to Ambassador Personnel, Inc. to get re-employed and was eventually re-employed.

## IV.     CAUSES OF ACTION

## CLAIM I– TITLE VII

10. Paragraphs 1-9 are hereby re-alleged and incorporated herein.

11. The defendant, Guyoungtech USA, Inc. unlawfully discriminated against the plaintiffs.  The plaintiffs were sexually harassed and then discharged because they would not enter into flirtatious conduct.

12. The actions of the defendant created a hostile environment for the plaintiffs.  The sexual harassment was a violation pursuant to Title VII.  The plaintiffs were further subjected to quid pro quo harassment and retaliation which is also a violation pursuant to Title VII.

13. The actions of the defendant were willful and taken with reckless disregard for the plaintiffs' federally protected rights.

14. The plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive, declaratory and other relief is their only means of adequate redress.  The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## CLAIM II – INVASION OF PRIVACY

15. Paragraphs 1-14 are hereby re-alleged and incorporated herein.

16. This claim is brought against both defendants.

17. The actions of Jarvis Taite amounted to an invasion of the plaintiffs' privacy. The actions of Mr. Taite were authorized, ratified and/or condoned by Guyoungtech USA, Inc.

## CLAIM III - ASSAULT AND BATTERY

18. Paragraphs 1-17 are hereby re-alleged and incorporated herein.

19. This claim is brought against both defendants.

20. The actions of Jarvis Taite, which were condoned, known, or should have been known by the defendants constituted an assault and battery on the plaintiff.

21. Guyoungtech USA is liable for the act of its employees, which were taken within the scope of their employment.  Said conduct was authorized, ratified and/or condoned by Guyoungtech, USA, Inc.

## CLAIM IV- TORT OF OUTRAGE

22. Paragraphs 1-21 are hereby re-alleged and incorporated herein.

23. This claim is brought against both defendants.

24. The actions of Jarvis Taite were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society causing emotional distress so severe that no reasonable person could be expected to endure it.

25. Guyoungtech USA, Inc. is liable for the acts of its employees, which were taken within the scope of their employment. They are further liable because the employee's conduct was authorized, ratified and/or condoned by them.

## CLAIM V- NEGLIGENT AND WANTON SUPERVISION

26. Paragraphs 1 - 25 are re-alleged as if fully set out herein.

29. Guyoungtech USA, Inc., through its agents had a duty to supervise its employees and to provide a safe, non-hostile environment for the plaintiffs to work.

30. As a proximate result of Guyoungtech USA, Inc.'s negligence, willfulness and wantonness, the plaintiff has been caused to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully prays that this Court will assume

jurisdiction of this action and after trial:

1. Grant plaintiffs a declaratory judgment holding that the actions of defendant Sonic Drive-In violated the rights of the plaintiff as guaranteed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. Grant the plaintiffs a permanent injunction enjoining Sonic Drive-In, its agent, successors, employees, attorneys and those acting in concert with them and at their request from continuing to violate Title VII.

3. Enter an Order requiring Guyoungtech USA, Inc. to make the plaintiffs whole by awarding them back-pay, nominal damages and/or compensatory and punitive damages for the violation of Title VII.

4. The plaintiffs prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorney's fees and expenses.

5. The Plaintiffs pray for compensatory and punitive damages for the violation of state law claims against all defendants.

          Respectfully submitted,

          */s/C. Michael Quinn*
          C. Michael Quinn
          Attorney for Plaintiff

          */s/Sherrie V. McKenzie*
          Sherrie V. McKenzie
          Attorney for Plaintiff

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

<u>*/s/C. Michael Quinn*</u>
Of Counsel

Defendant's Addresses:

Guyoungtech USA, Inc.
4988 Hwy. 31
Castleberry, Alabama

Jarvis Taite
4988 Hwy. 31
Castleberry, Alabama